UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DAVID HINTZ and PATRICIA HINTZ, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 3:04-CV-228 RM |
| GOEN TECHNOLOGIES CORPORATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER AND OPINION**

On March 26, 2004, Plaintiffs filed this action alleging that Defendants' dietary supplement caused Plaintiff David Hintz to suffer a stroke. On June 15, 2005, Plaintiffs filed a motion to compel discovery. For the following reasons, Plaintiffs' motion [Doc. No. 76] is **DENIED IN PART** and **GRANTED IN PART**.

**I.   RELEVANT BACKGROUND**

This is not the first time that the parties in this case have sought this Court's intervention in their discovery disputes. On December 6, 2004, Plaintiffs filed a motion to compel, seeking answers to nineteen specific interrogatories or requests for production. Due to the parties' obvious inability to mutually agree as to the scope of discovery, this Court conducted an in-court hearing on Plaintiffs' motion. On January 27, 2005, this Court issued an eleven-page order on Plaintiffs' first motion to compel. Because it appeared that parties could reach an agreement as to some of their differences if they had the opportunity to communicate with one another, this Court deferred ruling on Plaintiffs' motion as it related to Request for Production 19.

The parties, however, were not able to work out their differences, prompting Plaintiffs to file a second motion to compel discovery on June 15, 2005.  In this motion to compel, Plaintiffs again assert that they have not received complete answers to Requests for Production 19 and 22, both of which were addressed in the first motion to compel.  In addition, Plaintiffs seek documents that are responsive to Plaintiffs' Third Request for Production 1.  Defendants contend that they have provided all responsive material and that some portions of the requested documents are protected by the attorney client and/or work product privilege.  Upon parties' request, this Court conducted an *in camera* review of the un-redacted documents.  This Court may rule on Plaintiffs' motion to compel pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.    LEGAL AUTHORITY**

Fed. R. Civ. P. 26 (b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party."  Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26 (b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)).

This Court has broad discretion when deciding whether to compel discovery.  Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); Gile v. United Airlines, Inc., 95 F.3d

492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel.").  In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." Gile, 95 F.3d at 496.

An attorney-client privilege applies in the following situations:

> Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser, except the protection be waived.

U.S. v. Evans, 113 F.3d 1457, 1461 (7th Cir. 1997).  The party invoking the privilege has the burden of proving all of the elements.  Id.  However, because the privilege has the effect of withholding relevant information, courts construe the privilege to apply only where necessary to achieve its purpose.  U.S. v. BDO Seidman, 337 F.3d 802, 811 (7th Cir. 2003).

### III.  PLAINTIFFS' MOTION TO COMPEL

In Plaintiffs' motion to compel, they seek documents that are responsive to their Requests for Production 19 and 22, as well as their Third Request for Production 1.[1]

A.  Request for Production 19

In Plaintiffs' Request for Production 19, they seek all documents

> relating, referring to, or embodying any discussion, assessment, or analysis of a change of the formulation of Defendant's ephedra products, including but not limited to the reformulation of TrimSpa Ephedra Free Formula X32.  This includes the analysis of the safety or effectiveness of a reformulated product.

---

[1] This Court notes that Plaintiffs assert that Defendants did not provide an appropriate privilege log.  As part of their response, Defendants provided an updated privilege log.  Furthermore, Defendants contend that Plaintiffs did not contemporaneously file the proper discovery certification with their motion to compel.  Plaintiffs subsequently provided the certification in their reply.  Thus, as both parties have now corrected their respective deficiencies, this Court will address the merits of the motion to compel.  Parties are advised however, that in the future, they need to pay close attention to this Court's local rules.

3

Defendants objected to this request asserting the attorney client privilege.  However, subject to the objection, Defendants produced Board of Directors' meeting minutes from May 27, 2003, July 31, 2003, and September 26, 2003.  Defendants redacted information in these minutes that was not responsive to Plaintiffs' requests.

After conducting an *in camera* review of the minutes, this Court concludes that the redactions are appropriate as they relate to this request for production because the redacted material is not responsive to Request for Production 19.  Rather, the documents provide business information that is wholly unrelated to the change of formulation of Defendants' ephedra products.  Therefore, Defendants did not inappropriately redact the documents they provided in response to this discovery request.

In addition, Plaintiffs allege that Defendants have not provided all of the responsive documents that they possess. Defendants assert that they have provided all of the relevant information that is in their possession.  Consistent with this Court's January 27, 2005 order, this Court cannot compel Defendants to provide materials they contend do not exist.  Parties are, however, reminded of their obligation under Fed. R. Civ. P. 26(e) to supplement their discovery responses if new documents that conform to the requests are later discovered.  Therefore, Plaintiffs' motion as it relates to Request for Production 19 is **DENIED**.

      B.     <u>Request for Production 22</u>

Request for Production 22 requests that Defendants provide

> all documents relating, referring to, or embodying the AER's received in connection with any ephedra product sold, marketed, distributed and/or manufactured by you...This requests calls for reports, summaries, compilations, and any records of investigation or follow-up by you of an AER, including correspondence, requests for medical records, medical records received, and

>documents referencing communications with physicians treating the person who reported the adverse reaction.

Defendants responded to this request by again asserting the attorney client privilege, but subject to that objection produced two emails from Nancy Giordano regarding monthly customer concern meetings. Plaintiffs assert that Defendants have not provided all of the relevant documents. Specifically, Plaintiffs contend that Ms. Giordano testified that she maintained a box in her office that contained customer complaints. In addition, Ms. Giordano stated that customer complaints were sometimes maintained on the computer system. In their sur-reply, Defendants state that parties have now reached an agreement as to the computer records and that the file Ms. Giordano referenced was included in the documents that Defendants allowed Plaintiffs to inspect on two occasions. Defendants maintain that they do not have any other documents that are responsive to Plaintiffs' request. Thus, as Defendants have either provided or opened for inspection all relevant documents, Plaintiffs' motion as it relates to Request for Production 22 is **DENIED**.

    C.    <u>Third Request for Production 1</u>

Plaintiffs' Third Request for Production 1 seeks

>all agendas and minutes of the meetings of the Boards of Directors of the Defendants and the predecessor corporations from 1995 through March 26, 2004, which contain reference, directly or indirectly, to any ephedra-containing product.

Defendants assert the attorney client privilege and/or the work product privilege to the Board of Directors' meeting minutes and agendas. Subject to the objection, Defendants provided the documents, but redacted the information they thought was covered by the privilege or was not responsive to Plaintiffs' request. Plaintiffs assert that they are entitled to un-redacted copies of the minutes. To help determine whether Defendants properly redacted the minutes, this Court

conducted an *in camera* of each document.  For the following reasons, Plaintiffs' motion to compel as it relates to their Third Request for Production 1 is **DENIED IN PART** and **GRANTED IN PART**.

      1.    <u>April 23, 2003 Meeting Minutes and Notes, May 27, 2003 Meeting Minutes and Action Items, June 24, 2003 Meeting Minutes, July 31, 2003 Meeting Agenda, September 26, 2003 Meeting Minutes and Agenda, November 19, 2003 Meeting Minutes, and December 23, 2003 Meeting Minutes</u>

The minutes and notes pertaining to the April 23, 2003 meeting, the May 27, 2003 meeting minutes and action items, the June 24, 2003 meeting minutes, the July 31, 2003 meeting agenda, the September 26, 2003 meeting minutes and agenda, the November 19, 2003 meeting minutes, and the December 23, 2003 meeting minutes have various sections which are redacted based upon the fact that they are non-responsive to Plaintiffs' requests for information related directly or indirectly to the ephedra products.  After reviewing these documents, this Court concludes that the information that has been redacted is not responsive to Plaintiffs' request because it contains business information that is completely unrelated to Defendants' ephedra products.  Thus, Plaintiffs' motion as it relates to these documents is denied.

      2.    <u>May 27, 2003 Meeting Agenda</u>

The majority of the redaction in this document pertains to information that is not responsive to Plaintiffs' request.  These sections are properly redacted.  However, Defendants have also redacted a section entitled "Litigation."  A review of this section reveals that the attorney client privilege does not apply to the litigation section.  First, there is no evidence that Defendants' counsel created the meeting agenda.  In addition, the document does not contain any legal advice.  Rather, the agenda contains factual information regarding the number of pending

lawsuits, which is information that likely would have been discoverable by means of an interrogatory. Consequently, Plaintiffs' motion is granted in part as it relates to the litigation section of the May 27, 2003 meeting agenda.

        3.        <u>The Legislation Pending Document</u>

In preparation for a board meeting, legal counsel for Defendants compiled a document entitled "Legislation Pending." After reviewing the document, this Court concludes that it is covered by the attorney client privilege. The document was prepared by legal counsel in response to an inquiry by the client regarding the current state of the law. Thus, counsel was providing legal advice in advising Defendants of how the company must operate in light of the current legal framework in the United States. Therefore, this document was properly excluded and Plaintiffs' motion as it relates to this document is denied.

        4.        <u>Pending Litigation Attachment to June 24, 2003 Meeting Minutes</u>

The pending litigation attachment to the June 24, 2003 meeting minutes was not provided because Defendants asserted the attorney client privilege. The document does not contain generalized facts regarding the pending litigation, but specific litigation strategies and how to proceed. Furthermore, the attachment was prepared by counsel as a mechanism to provide legal advice to Defendants regarding the legal disputes they were currently involved in. Thus, because this document is legal advice provided by counsel in response to a client's legal inquiry, the attachment is protected by the attorney client privilege and Plaintiffs' motion to compel this document is denied.

5.  July 31, 2003 Meeting Minutes

After a thorough review of this document, this Court concludes that, although the minutes are heavily redacted, the majority of the redaction is appropriate because it too involves information that in no way relates to Defendants' ephedra products, but rather to unrelated business strategies and insurance information. Defendants have not redacted the sections where the ephedra products were discussed.

The only areas of concern in these minutes are the first two paragraphs on the first page. Defendants have redacted who was present at the meeting and when the meeting was called to order. However, Defendants have included this information in all of the other minutes. This information may be relevant to Plaintiffs to determine who might have information regarding the meetings. Thus, Defendants are ordered to provide Plaintiff with a copy of the July 31, 2003 minutes in which the first two paragraphs of the first page are not redacted. The redaction may begin after the paragraph that ends with "The Chairman noted the presence of quorum." Consequently, Plaintiffs' motion as it relates to this document is denied in part and granted in part.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiffs' motion to compel discovery [Doc. No. 76] is **DENIED IN PART** and **GRANTED IN PART**. Specifically, this Court

- **DENIES** Plaintiffs' motion as it relates to Request for Production 19;

- **DENIES** Plaintiffs' motion as it relates to Request for Production 22;

- **DENIES IN PART** Plaintiffs' motion as it relates to Third Request for Production 1 with regards to the following documents;

- The April 23, 2003 meeting minutes and notes, the May 27, 2003 meeting minutes and action items, the June 24, 2003 meeting minutes, the July 31, 2003 meeting agenda, the September 26, 2003 meeting minutes and agenda, the November 19, 2003 meeting minutes, and the December 23, 2003;

- The Legislation Pending Document;

- The Pending Litigation Document prepared for the June 24, 2003 meeting;

- **GRANTS IN PART** Plaintiffs' motion as it relates to Third Request for Production 1 with regards to the following documents;
    - The "Litigation" section of the May 27, 2003 meeting agenda. All other redactions are appropriate;

    - The first two paragraphs on the first page of the July 31, 2003 meeting minutes. All other redactions are appropriate.

**SO ORDERED.**

Dated this 11th Day of August, 2005.

s/Christopher A. Nuechterlein<br>Christopher A. Nuechterlein<br>United States Magistrate Judge